## SCHMOHL *v.* FUSCO *et al.*

(*City Court of New York, General Term.* March 10, 1891.)

1. PLEADING—SUPPLEMENTAL ANSWER—JUDGMENT IN BAR.

Leave to serve a supplemental answer, pleading in bar a judgment entered against a co-defendant, will not be granted where judgment was directed on the demurrer of the co-defendant in favor of plaintiff, after which the action was severed, and judgment permitted against such co-defendant, with the direction that the action proceed as to the other defendant.

2. UNNECESSARY APPEAL—DISMISSAL.

An appeal from an order denying a motion for leave to file a supplemental answer, pleading in bar a judgment entered against a co-defendant, will be dismissed where it appears that the judgment was, by consent of the parties thereto, vacated before the appeal was taken, of which appellant had notice.

Appeal from special term.

William H. Schmohl sued Giuseppe Fusco and Angelo Adam. Fusco appealed from an order denying motion made for leave to serve a supplemental answer, pleading in a bar a judgment entered against the co-defendant of the appellant, upon the theory that such recovery against one of two persons jointly liable exonerates the other from liability.

Argued before EHRLICH, C. J., and MCGOWN and VAN WYCK, JJ.

*L. O. Van Doren* and *L. C. Wahner,* for appellants.   *Bartlett, Wilson & Hayden,* for respondent.

EHRLICH, C. J.   Technical pleas to defeat the collections of honest demands are not to be encouraged.   Courts should not be astute in devising means for assisting debtors to deprive their creditors of their just dues, but should rather lend their aid to defeat any such scheme or intention.   Two defendants were sued.   Angelo Adam, one of them, demurred, and an order was subsequently made directing judgment on the demurrer in favor of the plaintiff.   An order was next obtained severing the action, and permitting judgment to be entered against Adam on the demurrer, and directing that the action proceed as to Giuseppe Fusco, the other defendant, as if he had been sued alone.   Judgment was thereupon entered against Adam, and Fusco sought leave to plead that judgment in bar to the further prosecution of the action against him.   The motion was properly denied.   The application was not in furtherance of justice, but an effort to defeat it, and the order should be affirmed on the merits.   But, apart from this, it appears that since the argument below, and before the appeal was taken, the judgment against Adam has been vacated by an order entered on consent, signed by the plaintiff's attorney and the attorney for Adam, of which the defendant Giuseppe Fusco had notice.   The appeal by him was, therefore, unnecessarily taken, and, if the appellant succeeded upon it, he could acquire no beneficial purpose.   The judgment he desires to plead in bar has been set aside, as if it had never existed, and the appellant is of necessity left to continue his defense on the merits.   For these reasons we will, instead of affirming the order, as we otherwise would have done, dismiss the appeal taken, without costs.   All concur.